UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DARREN KING** | **CIVIL ACTION NO. 3:12-cv-2851** |
|     LA. DOC# 301840 | |
| VS. | SECTION P |
| | JUDGE JAMES T. TRIMBLE, JR. |
| **ASST. WARDEN STINTON, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Darren King, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 6, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC). He is presently incarcerated at the Tensas Parish Detention Center; however, he complains that he was threatened, pushed, and insulted by Assistant Warden Stinton when he was incarcerated at the Jackson Parish Corrections Center (JPCC) on October 1, 2012. He sued Stinton and others praying for compensatory damages for mental, physical and emotional suffering and for the arrest of Stinton on a charge of sexual battery.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is an LDOC inmate. On October 1, 2012 he was incarcerated at the JPCC. On that date he was summoned by Assistant Warden Stinton to discuss a statement provided to the Assistant Warden by Nurse Practitioner Laura Freeman. Stinton escorted plaintiff to the prison

infirmary and advised him that he had "... mess[ed] with the wrong white boy because he would f- - k me up, the next time I see him..." Thereafter Stinton pushed plaintiff in the back and told him "... that he would make sure that I die at his prison..." Stinton thereafter used racial epithets and "... made sure that I understood that the next time he see me, he will beat my ass." According to plaintiff, Stinton "... had beaten and lame [sic] other prisoner or had his officers do bodily harm." He concluded by alleging that his pleadings present an issue "of life and death."

## Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint, and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal*,556 U.S.662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff has submitted a well-pleaded and articulate amended complaint which specifically details his theories of liability. Accepting all of plaintiff's allegations as true, the court concludes that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

*2. Excessive Force*

The Eighth Amendment proscribes only "punishments" that are "cruel and unusual." Therefore, "[w]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm." *Baldwin v. Stadler*, 137 F.3d 836, 838 (5th Cir.1998) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) (emphasis added)).

The Fifth Circuit provided the following as an aid to District Courts charged with the evaluation of excessive force claims:

> Several factors are relevant in the inquiry whether unnecessary and wanton infliction of pain was used in violation of a prisoner's eighth amendment right to be free from cruel and unusual punishment. These include:
>
> 1. the extent of the injury suffered;
> 2. the need for the application of force;
> 3. the relationship between the need and the amount of force used;
> 4. the threat reasonably perceived by the responsible officials; and
> 5. any efforts made to temper the severity of a forceful response."

*Baldwin v. Stadler*, 137 F.3d 836, 839 (5th Cir.1998) (quoting *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir.1992)).

The Court thereafter cautioned, "these identified factors are not exclusive; each case must be judged on its own facts." *Id.*, 839.

The United States Supreme Court has held that while the malicious and sadistic use of force to cause harm is actionable, "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9, 112 S.Ct. at 1000. Rather, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10, 112 S.Ct. at 1000 (internal quotation marks omitted).

In its application of that maxim, the Fifth Circuit has held "... to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more

4

than *de minimis* physical injury, but there is no categorical requirement the physical injury be significant, serious, or more than minor." *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir.1999).

Accepting plaintiff's allegations as true, he has not demonstrated that the force used by defendant Stinton was applied maliciously and sadistically to cause harm, as is required for a viable excessive force claim. The pleadings suggest that the force – a "push" in the back – was minimal and was apparently administered in a good faith effort to maintain or restore discipline in response to a complaint authored by a member of Stinton's staff.

Furthermore, plaintiff has not demonstrated that he suffered ANY injury much less a *de minimis* injury resulting from the "push." Indeed, in his prayer for relief, plaintiff implied that he suffered physical injury; however, he did not describe the injury; nor can one envision an other than *de minimis* injury resulting from the actions of the defendant. Otherwise, he alleged only mental and emotional injury as a result of the "push" and such a claim standing alone does not state a claim for which relief may be granted. See Title 42 U.S.C.§1997e(e), provides"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The " 'physical injury' required by § 1997e(e) 'must be more than *de minimus* [sic], but need not be significant.' " *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)) (alteration in original).

Finally, plaintiff seems more troubled by the admittedly harsh and abusive language used by the defendant prison official than by the push to his back. However, verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983). Further, plaintiff's allegation that he was otherwise verbally abused (i.e. that he was the target of profanity and racial

5

epithets), while regrettable, does not state a claim of constitutional dimension. Allegations of mere verbal abuse by prison guards simply do not give rise to a cause of action under § 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5 Cir.1993), *Siglar v. Hightower*, 112 F.3d 191 (5 Cir.1997.

In short, plaintiff has failed to state a claim for which relief may be granted.

### 3. Defendants

Plaintiff has sued a number of defendants but alleged fault only on the part of Assistant Warden Stinton. As to the remaining defendants, he has failed to state a claim for which relief may be granted.

### 4. Criminal Prosecution

Plaintiff has, in addition to money damages, requested that Stinton be arrested and charged with sexual battery. Decisions whether to prosecute or file criminal charges against an individual lie within the prosecutor's discretion, and private citizens do not have a constitutional right to have an individual criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *see also Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

### 5. Transfer

Finally, plaintiff implied that he was in fear for his life based on the threats and taunts of Stinton. To the extent that he might seek injunctive relief as protection from the defendant, such a claim is subject to dismissal as moot given plaintiff's recent transfer to another prison. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001).

### *Conclusion and Recommendation*

Therefore,

6

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, January 22, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE